**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JASON PAYTON,
ADC #142389                                                                                          PLAINTIFF

V.                                            1:09CV00044 DPM/JTR

JOSHUA EVANS, Correctional Officer;
and RONALD REEDY, Sergeant,
North Central Unit, Arkansas Dept. of Correction                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.     Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Jason Payton, who is a prisoner in the North Central Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants Correctional Officer Joshua Evans and Sergeant Ronald Reedy violated his constitutional rights. *See* docket entry #2. Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #23, #24, and #25. Before reaching the merits of that Motion, the Court will briefly summarize the *undisputed* facts.[1]

On July 18, 2009, Defendants were distributing mattresses to prisoners in the North Central

---

[1] On May 10, 2010, the Court issued an Order giving Plaintiff thirty days to file a Response to Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry #26. Importantly, the Court advised Plaintiff that, if he failed to timely and properly do so, all of the facts set forth in Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rule 56.1(c). Plaintiff has not filed his Response and Statement of Disputed Facts, and the time for doing so has expired. Accordingly, the facts, as set forth in Defendants' summary judgment papers are deemed admitted.

Unit. *See* docket entry #25. Defendant Evans threw a mattress into the cell, hitting Plaintiff in the genitals. *Id.* Plaintiff, who was handcuffed, fell to the floor where he remained for approximately twenty minutes until Defendants completed distributing the mattresses. *Id.* Upon returning to Plaintiff's cell, Defendant Reedy instructed Plaintiff's cellmate to drag him to the cell door so that his handcuffs could be removed. *Id.* Plaintiff then received unspecified medical attention and was returned to his cell. *Id.* That night, Plaintiff had unpleasant dreams, and he was awakened by an upset stomach. *Id.*

## II. Discussion

### A. Sovereign Immunity

Defendants argue that they are entitled to sovereign immunity from Plaintiff's request for monetary damages. *See* docket entries #23 and #24. The doctrine of sovereign immunity, which arises from the Eleventh Amendment, prohibits a plaintiff from obtaining monetary damages from a state actor named in his or her official capacity. *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005); *Murphy v. State of Arkansas,* 127 F.3d 750, 754-55 (8th. Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989). However, sovereign immunity does *not* bar a plaintiff from obtaining: (1) *monetary damages* against a state actor named in his or her *individual* capacity; or (2) *injunctive relief* against a state actor named in his or her *official* capacity. *Id.* (emphasis added).

In the Complaint, Plaintiff names Defendants Evans and Reedy in their official and personal capacities. *See* docket entry #2. Additionally, he requests both monetary damages and injunctive relief. *Id.* Thus, Defendants are not entitled to sovereign immunity.

### B. Failure to State a Claim

According to Defendants, they are entitled to judgment, as a matter of law, because Plaintiff

has failed to state a viable excessive force claim. The Court concludes that this argument is well taken.

To prevail on an Eighth Amendment excessive force claim, a prisoner must demonstrate that the defendants used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010). The relevant factors that must be considered when making this determination are: (1) the objective need for the force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the defendants; (4) any efforts by the defendants to temper the severity of their forceful response; and (5) the extent of the inmate's injuries. *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir. 2006); *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002)

In his Complaint, Plaintiff does not specify whether Defendant Young intentionally or accidentally hit him in the groin with the mattress. *See Hudson,* 503 U.S. at 6-7 (explaining that to prevail on an excessive force claim, a prisoner must demonstrate that a defendant acted "maliciously and sadistically"); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that a § 1983 claim cannot be based upon negligent conduct).

Additionally, Plaintiff does not allege that Defendants Young and Reedy knew that he had been hit in the groin and that he was in pain while they continued to distribute mattresses for the next twenty minutes. Finally, Plaintiff has not clarified why Defendant Reedy instructed the Plaintiff's cellmate to drag him to the cell door so that his cuffs could be removed; how far Plaintiff was dragged; or how this in any way injured Plaintiff. *See Whitley v. Albers*, 475 U.S. 312, 322 (1986) (holding that, in an excessive force case, there must be "a reliable inference of wantonness,"

and not "a mere dispute over the reasonableness of particular use of force or the existence of arguably superior alternatives").

Finally, Plaintiff admits that he received medical care for the blow to his genitals and that the only harm he suffered was temporary groin pain, an unpleasant dream, and an upset stomach. *See Wilkins v. Graddy*, 130 S.Ct. 1175, 1178 (2010) (explaining that "the extent of the injury may provide some indication of the amount of force applied"); *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (holding that the extent of any resulting injury is "informative as to the likely degree of the force applied"). Thus, as a matter of law, Plaintiff has failed to state a viable excessive force claim, and Defendants are entitled to summary judgment.[3]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #23) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

---

[3] Defendants also argue that they are entitled to qualified immunity. The Court has already determined that Defendants are entitled to summary judgment because the facts, as alleged by Plaintiff, do not establish a constitutional violation. Thus, there is no need to also consider the qualified immunity defense. *See Ambrose v. Young*, 474 F.3d 1070, 1077 n.3 (8th Cir. 2007) (holding that "if the court finds no constitutional violation occurred, the analysis ends and the issue of qualified immunity is not addressed"); *Avalos v. City of Greenwood*, 382 F.3d 792, 798 (8th Cir. 2004) (same). Finally, even if Defendants were entitled to qualified immunity, it would only apply to Plaintiff's request for monetary damages, and not to his request for injunctive relief. *See Pearson v. Callahan*, 129 S. Ct. 808, 822 (2009); *Wertish v. Krueger*, 433 F.3d 1062, 1066 (8th Cir. 2006).

Dated this 17th day of June, 2010.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE